UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ALLEN PICKETT, #474740,

        Petitioner,                                            Case No. 16-cv-10699

v.                                                          Honorable Thomas L. Ludington

JEFFREY WOODS,

        Respondent.
_____/

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE AND DENYING CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

This is a habeas case under 28 U.S.C. § 2254. Petitioner Allen Pickett, a state inmate at the Chippewa Correctional Facility in Kincheloe, Michigan, is incarcerated following convictions for second-degree murder and felony firearm. He alleges that the state court lacked authority to enter a judgment against him because he was denied counsel. Petitioner has not properly exhausted his state court remedies. The habeas corpus petition will be dismissed without prejudice.

**I.**

Petitioner pled guilty in Wayne County Circuit Court to second-degree murder and felony firearm. On October 5, 2007, he was sentenced to 20 to 35 years' imprisonment for the murder conviction and 2 years' imprisonment for the felony-firearm conviction. Petitioner does not appear to have sought leave to appeal his conviction in the Michigan Court of Appeals.

On February 18, 2016, Petitioner filed the pending habeas petition, challenging the trial court's authority to enter a judgment of sentence against him.

## II.

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face.").

A federal court may not grant habeas corpus relief to a state prisoner unless the prisoner first exhausts his remedies in state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). "Ordinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations." *Prather v. Rees*, 822 F.2d 1418 (6th Cir. 1987). "This rule of comity reduces friction between the state and federal court systems by avoiding the unseemliness of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." *O'Sullivan,* 526 U.S. at 845 (internal quotation omitted). State prisoners in Michigan must raise each claim in both state appellate courts before seeking federal habeas corpus relief. *See Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). The petitioner bears the burden of establishing exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Caver v. Straub*, 349 F.3d 340, 345 (6th Cir. 2003).

In this case, Petitioner admits that he has not exhausted his state court remedies for the claim raised in his petition. A prisoner is required to comply with this exhaustion requirement as long as there is still a state-court procedure available for him to do so. *Adams v. Holland*, 330 F.3d 398, 401 (6th Cir. 2003). The requirement may be excused only if there is "no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile

- 2 -

any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). In this case, a procedure is available for exhaustion of Petitioner's state court remedies. He may file a motion for relief from judgment in the Wayne County Circuit Court under Michigan Court Rule 6.502. If that motion is denied, he may seek review by the Michigan Court of Appeals and Michigan Supreme Court by filing an application for leave to appeal. Mich. Ct. R. 6.509; Mich. Ct. R. 7.203; Mich. Ct. R. 7.302; *Nasr v. Stegall*, 978 F. Supp. 714, 717 (E.D. Mich. 1997).

Petitioner argues that the Court should excuse the exhaustion requirement because his chances of obtaining relief are so slim. Courts routinely refuse to excuse the exhaustion requirement based upon a petitioner's own assessment that the likelihood of success in state court is, at best, remote. *See Spreitzer v. Schomig*, 219 F.3d 639, 647 (7th Cir. 2000) ("'[T]he pertinent question is not whether the state court would be inclined to rule in the petitioner's favor, but whether there is any available state procedure for determining the merits of petitioner's claim.'") (quoting *White v. Peters*, 990 F.2d 338, 342 (7th Cir. 1993)); *Gibson v. Scheidemantel*, 805 F.2d 135, 141 (3d Cir. 1986) ("[I]f we permitted such a prediction [of unlikely success] to constitute the type of futility which would allow a federal court to excuse exhaustion, we would undermine the exhaustion doctrine."). Indeed, allowing the anticipated likelihood of success to excuse exhaustion would be both contrary to the rule and unworkable. Under Petitioner's proposal, the exhaustion requirement would be rendered the exception rather than the rule. *Cf. Wright v. Warden, FCI-Cumberland*, 2010 WL 1258181, *1 (D. Md. March 24, 2010) ("Allowing a petitioner [in a proceeding under § 2241] to avoid the administrative process based on a mere conclusory assertion [that the administrative process will be unsuccessful] would allow the futility exception to swallow the exhaustion.") (internal quotation omitted). Petitioner also does not propose how to determine at the outset which state post-

conviction motions will be futile and thus, those for which exhaustion should not be required. This renders any merits-based exception impossible to implement.

Where a petition contains both exhausted and unexhausted claims, a district court may dismiss the unexhausted claims, retain jurisdiction over the exhausted claims, and stay proceedings pending exhaustion. *Rhines v. Weber*, 544 U.S. 269, 278 (2005); *Griffin v. Rogers*, 308 F.3d 647, 652, n.1 (6th Cir. 2002). In this case, the petition contains no exhausted claims over which the Court may retain jurisdiction. Thus, the petition will be dismissed without prejudice so that Petitioner may pursue exhaustion of his state court remedies.

### III.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted). Reasonable jurists would not debate the Court's conclusion that the petition should be summarily dismissed without prejudice. Therefore, a certificate of appealability will be denied.

### IV.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus, ECF No. 1, is **DISMISSED without prejudice**.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that permission to proceed *in forma pauperis* on appeal is **DENIED**. An appeal would be frivolous and could not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

Dated: March 23, 2016                              s/Thomas L. Ludington
                                                   THOMAS L. LUDINGTON
                                                   United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 23, 2016.

                    s/Michael A. Sian
                    MICHAEL A. SIAN, Case Manager

---