UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ALLEN PICKETT, #474740,

        Petitioner,                               Case No. 16-cv-10699

v.                                                   Honorable Thomas L. Ludington

JEFFREY WOODS,

        Respondent.

_____/

**ORDER DENYING MOTION FOR RECONSIDERATION**

On February 23, 2016, Petitioner Allen Pickett filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He alleged that he was denied his Sixth Amendment right to counsel when he was forced to stand silent at arraignment, had a plea of not guilty entered on his behalf, and was deprived representation of counsel during the arraignment. His habeas corpus petition was denied and dismissed without prejudice on March 23, 2016 because he did not exhaust his available remedies in state court. Pickett has moved for reconsideration of that decision.

Pickett argues in his motion for reconsideration that the requirement to exhaust should be waived because it would be futile for him to pursue state court remedies. His argument is predicated on the Michigan Court of Appeals' decision in *People v. Green*, 677 N.W.2d 363 (Mich. Ct. App. 2004) overruled on other grounds by *People v. Anstey*, 719 N.W.2d 579 (Mich. 2006). In *Green*, the Michigan Court of Appeals held that, with respect to defendant Green, the arraignment was not a critical stage of the criminal proceedings such that the Sixth Amendment required the presence of counsel. *Id*. at 370. Pickett believes that Green and similar Michigan

caselaw conflicts with the United States Supreme Court's decision in *Rothgery v. Gillespie Cty., Tex.*, 554 U.S. 191, 211 (2008), which, according to Pickett, held that criminal defendants are entitled to representation at arraignment.

Pickett claims that the exhaustion requirement should be waived for his petition because the Michigan state courts have made their position known on the right to counsel at arraignment. Namely, Michigan state courts have decided that it is not available under the Sixth Amendment. Such firm authority justifies waiver, Pickett argues, citing to *Lucas v. People of State of Mich.*, 420 F.2d 259, 262 (6th Cir. 1970).

But the law about the right to counsel during arraignment is far more nuanced than Pickett recognizes in both Michigan and in the federal courts. First, in *Rothgery*, the Supreme Court did not hold that criminal defendants are universally entitled to representation of counsel at initial arraignment. *Rothgery* held that initial arraignment was the time at which the Sixth Amendment right to counsel attaches. *Rothgery*, 554 U.S. at 213 ("[A] criminal defendant's initial appearance before a judicial officer, where he learns the charge against him and his liberty is subject to restriction, marks the start of adversary judicial proceedings that trigger attachment of the Sixth Amendment right to counsel."). Counsel is only necessary at critical stages of the criminal prosecution. This is not necessarily initial arraignment, although it may be. *Id.* at 212 ("Thus, counsel must be appointed within a reasonable time after attachment to allow for adequate representation at any critical stage before trial, as well as at trial itself."). *Rothgery* did not hold that arraignment is always a critical stage of a criminal prosecution that requires the representation of counsel.

Michigan courts are in accord. Decisions by Michigan courts following *Rothgery* have held, consistent with *Rothgery*, that initial arraignment is the time at which the Sixth Amendment right to counsel attaches but it is not a "critical stage" requiring counsel:

> As noted in *Rothgery*, whether the right to counsel has attached is distinct from whether a defendant has been denied his right to counsel at a critical stage in the proceeding. *Rothgery* did not address whether an arraignment on the warrant is a critical stage. In fact, the logical implication is that it is not. See *id*. at 212 ("[C]ounsel must be appointed within a reasonable time after attachment...."). In short, this Court's holding that the arraignment on the warrant proceeding is not a critical stage is unaffected by *Rothgery*.

*People v. Hurt*, No. 301915, 2013 WL 2120275, at *5 (Mich. Ct. App. May 16, 2013) (citing *Green*, 260 Mich. App at 399–400). Although *Hurt* speaks in broad categorical terms, the Michigan Court of Appeals recognized that under certain circumstances arraignment may be a critical stage (though in that case it was not). *Id*. ("Hurt did not waive any defenses and none of his rights were compromised. Therefore, Hurt was not denied his Sixth Amendment right to counsel." (internal citation omitted).).

Thus, Pickett's state court remedies are not futile. Whether he was entitled to counsel at his arraignment is not a pure question of law over which Michigan state courts and federal courts are intractably divided. It is a question that depends on the facts of his arraignment and whether his arraignment implicated his rights in a manner that made it a "critical stage" of his prosecution. The Michigan state courts are entirely competent, and well suited to making such a determination in the first instance. Pickett's motion will be denied.

Accordingly, it is **ORDERED** that Petitioner's Motion for Reconsideration, ECF No. 7, is **DENIED**.

Dated: April 22, 2016
        s/Thomas L. Ludington
        THOMAS L. LUDINGTON
        United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 22, 2016.

s/Amanda Chubb for Michael A. Sian<br>MICHAEL A. SIAN